

**Eyad Asad**
**Partner**
o 212.356.0249
c 718.496.0249
f 646.473.8249
easad@cwsny.com
www.cwsny.com

909 Third Avenue, 12th Floor • New York, NY 10022-4731

July 17, 2026

**By ECF**

The Honorable Edgardo Ramos
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:    *American Federation of Musicians of the United States and Canada v. Warner Music Group Corp. and Universal Music Group, Inc.*, **Case 1:26-cv-04760**

Dear Judge Ramos:

I write on behalf of Plaintiff American Federation of Musicians of the United States and Canada (the "AFM") in response to the July 10, 2026 letter filed by Defendant Warner Music Group, Inc. ("Warner") requesting a pre-motion conference regarding its anticipated motion to dismiss.

**The Sound Recording Labor Agreement (the "SRLA") Covers AI Licensing.** Warner's first argument – that the SRLA does not entitle AFM members to compensation for Warner's licensing of sound recordings to artificial intelligence ("AI") companies – mirrors the argument Defendant Universal Music Group ("UMG") advances in its July 7 pre-motion letter. As argued in its response to that letter, the AFM maintains that the SRLA permits a broader interpretation than Defendants posit and permits its claim in this case.

**Warner's Standing Argument Goes to the Merits, Not Standing.** Warner argues that the AFM lacks standing because the SRLA purportedly does not entitle the AFM or its members to relief for Warner's licensing of sound recordings to AI companies. That argument goes to the merits, not standing: the AFM alleges that the SRLA entitles members to payment for AI licensing as a "new use" of sound recordings; that alleged breach is sufficient to confer standing regardless of whether Warner actually breached the contract or what damages, if any, are owed. *See Marsh & McLennan Agency LLC v. Williams*, No. 22 CIV. 8920 (JPC), 2025 WL 1265817, at *9 (S.D.N.Y. Apr. 30, 2025) (damages and contract-interpretation issues go to the merits, not standing).

The cases Warner cites state the general Article III standing standard but do not hold that a mere dispute over contract interpretation or damages defeats standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (no imminent injury shown from amorphous plans to visit endangered

15037794.4



July 17, 2026
Page 2

species); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (remanding for failure to analyze injury-in-fact prong of standing analysis).

**The AFM's Complaint Does Not Intrude on Collective Bargaining.** Warner argues that the AFM's claim improperly "intrudes on collective bargaining" by asking the Court to impose AI-licensing terms and rates that can only be set through collective bargaining. Warner mischaracterizes the Complaint: the AFM does not seek to impose new terms but contends that Warner's licensing is already covered by the SRLA's existing Article 21(a), which Warner breached.

Warner's cases are inapposite, standing only for the unremarkable proposition that courts may not unilaterally insert contract terms or impose an agreement on a non-party. *See, e.g.*, *Cath. High Sch. Ass'n of Archdiocese of N.Y. v. Culvert*, 753 F.2d 1161, 1167 (2d Cir. 1985) (noting that the state Labor Relations Board could order parties to bargain, but it could not force them to agree to specific terms); *Bartenders & Culinary Workers Union, Loc. 340 v. Howard Johnson Co.*, 535 F.2d 1160, 1162 (9th Cir. 1976) (courts may not impose substantive provisions of a CBA "upon a nonconsenting successor employer"); *Candid Prods., Inc. v. Int'l Skating Union*, 530 F. Supp. 1330, 1336–37 (S.D.N.Y. 1982) (court lacks the power to "make an agreement for the parties" where parties only agreed to negotiate in good faith); *Verizon Commc'ns Inc. v. Law Offs. of Curtis V. Trinko, LLP*, 540 U.S. 398, 408 (2004) (noting, in the antitrust context, that courts cannot generally force companies to cooperate with each other).

Warner's conclusory-pleading argument, that the Complaint should be dismissed because allegations concerning the specifics of Warner's licensing arrangement also fails: allegations may be made on information and belief where, as here, facts are peculiarly within Defendants' knowledge. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).

**The AFM's Notice Claim is Independently Viable.** Warner argues, as does UMG, that the AFM's notice claim fails because the duty arises only where there is a compensable new use under the SRLA; for the reasons stated in AFM's response to UMG's letter, the notice obligation is independent and, in any event, the AFM has adequately alleged a compensable new use.

**Discovery Should Not Be Stayed.** For the reasons stated in response to UMG's letter, discovery should not be stayed pending Defendants' motions to dismiss.

Finally, the AFM will amend the Complaint, pursuant to Fed. R. Civ. P. 15(a)(1), to correct the name of the defendant to Warner Records, Inc., rather than Warner Music Group Corp.

For these reasons, and those stated in the AFM's response to UMG's letter, this case should not be dismissed, and discovery should proceed while any motion to dismiss is pending. Thank you for your consideration.



July 17, 2026
Page 3

Respectfully submitted,

*Eyad Asad*

Eyad Asad

EA:

cc: All counsel of record (by ECF)